UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:22-CV-00027-JHM-HBB

JAMES DINWIDDIE, JR.                                                                                          PETITIONER

v.

ELIZABETH DINWIDDIE;
ZACHARY DINWIDDIE                                                                                         RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Zachary Dinwiddie's Motion to Dismiss [DN 6] and Second Motion to Dismiss [DN 14]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Dismiss and Second Motion to Dismiss are **GRANTED**.

### I. BACKGROUND

James Dinwiddie, Sr., passed away, in 2012. [DN 1 at ¶ 14]. His will named the petitioner, James Dinwiddie, as Executor of the Estate and it divided the estate equally among four beneficiaries: the Petitioner, James Dinwiddie, Jr.; the Respondents, Zachary Dinwiddie and Elizabeth Dinwiddie; and a testamentary trust with James Jr. as trustee. [*Id.* at ¶ 15 and 16].

In this action, James Jr. asks the Court to declare he has "the right to manage and liquidate the remaining estate as he deems appropriate." [*Id.* at 6]. In response, Zachary filed a Motion to Dismiss, contending this Court lacks subject-matter jurisdiction over the case. [DN 6]. After James Jr. amended his petition [DN 13], Zachary filed a Second Motion to Dismiss. [DN 14].

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion to dismiss based on "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Diversity

1

jurisdiction is the only relevant jurisdictional basis here. *See* [DN 1 at ¶¶ 9–10]. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." This statute requires "complete diversity of citizenship," meaning "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see also Strawbridge v. Curtiss*, 3 Cranch 267 (1806).

### III. DISCUSSION

The parties focus on 28 U.S.C. § 1332(a)'s complete diversity requirement. If the citizenship of either Respondent matches the Petitioner's citizenship, diversity jurisdiction cannot exist. And, if the Court does not have diversity jurisdiction, it must dismiss the suit for lack of subject matter jurisdiction. For this analysis, the Court must ascertain each party's citizenship.

The Respondents' citizenships are undisputed. Elizabeth Dinwiddie is "a citizen of Florida," and Zachary Dinwiddie is "a citizen of Pennsylvania." [DN 1 at ¶¶ 4–5]; *see also* [DN 6-1 at 1–2]. Therefore, complete diversity does not exist if James. Jr. is a citizen of either Florida or Pennsylvania. In the initial Petition for Declaratory Judgment, James Jr. declared himself to be a citizen of Florida. [DN 1 at ¶ 3]. But, in the First Amended Complaint, James Jr. declared himself, as the Executor of the Estate, to be a citizen of Kentucky. [DN 13 at ¶¶ 3, 9].

In order to determine the citizenship of the petitioner it is necessary first to determine the capacity in which James Jr. brings this action—in his individual capacity or in a representative capacity as the Executor of the Estate. If it is in his individual capacity, he is a citizen of Florida and complete diversity is lacking. If he brings this action in his representative capacity as

2

Executor, then he would be deemed a citizen of the same state as the decedent—in this case Kentucky.

In both the initial Petition for Declaratory Judgment and in the First Amended Complaint, it is clearly stated that James Jr. is bringing the action individually, or in his individual capacity, rather than as the Executor of the Estate. [DN 1 at 1]; [DN 13 at 1]. And even though the nature of the action seeks a "declaration of his rights as duly appointed executor of the Estate of James F. Dinwiddie, Sr.," [DN 1 at ¶ 1]; [DN 13 at ¶ 1], he brings the case, not as Executor, but as an individual. Thus, his citizenship as an individual controls the question of diversity.

Since James Jr. and Elizabeth Dinwiddie are both Florida citizens, complete diversity does not exist here. Absent another jurisdictional basis, the Court must dismiss this case for lack of subject matter jurisdiction.[1]

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Zachary Dinwiddie's Motion to Dismiss [DN 6] and Second Motion to Dismiss [DN 14] are **GRANTED**. The Court will enter a judgment consistent with this opinion.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 25, 2022

cc:  James Dinwiddie, Jr., *pro se*
     Counsel of Record

---

[1] Additionally, Zachary argues the "probate exception" to federal jurisdiction warrants dismissing this case. [DN 6-1 at 2–3]; [DN 14]. Because the Court has already determined it lacks subject matter jurisdiction, it need not address this issue.